# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER CARTNER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>RICHARD O. DAVIS, President, Sibley Hospital,<br><br>　　　　Defendant. | Civil Action No. 13-1383 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Alexander Cartner brings this suit requesting a writ of habeas corpus against Defendant Richard O. Davis, president of Sibley Hospital. Cartner is an 81-year-old man who has been married for 48 years to Elza Cartner, an 86-year-old woman who is blind and has non-reversible dementia. On December 28, 2011, the Cartners were removed from their home in an intervention proceeding brought by the District of Columbia, and Mrs. Cartner was placed at Sibley, despite Mr. Cartner's protestations. The Superior Court for the District of Columbia subsequently appointed attorney Nathan Neal as Mrs. Cartner's guardian, having found that Mr. Cartner was incapable of acting in that capacity. Neal has directed that Mrs. Cartner remain at Sibley for care and treatment. Alleging that his wife has been unjustly "incarcerated" at Sibley, Plaintiff has filed this action requesting her release, presumably into his care. Defendant has now moved to dismiss.

Cartner cannot succeed on his claim for a number of reasons. First, a writ of habeas corpus under 28 U.S.C. §2254 only lies where someone is in custody pursuant to the judgment of a state court, which is not the case here. In addition, such a petition may only be brought before

1

this Court upon exhaustion of all state legal remedies, which Plaintiff has yet to essay. In any event, as a guardian has already been appointed by the Superior Court, Cartner cannot sue in the role of his wife's "next friend." Finally, Cartner is not a lawyer, thus precluding him from bringing this case on behalf of his wife even were he her "next friend." The Court, consequently, shall grant Defendant's Motion to Dismiss.

I.  Background

On December 28, 2011, at the behest of the District of Columbia, law-enforcement officials entered the Cartners' apartment, removing both Mr. and Mrs. Cartner via ambulance. See Cartner v. Frazier (Cartner I), No. 13-1016, 2013 WL 4560640, at *1 (D.D.C. Aug. 28, 2013); Petition at 1. Officials brought Mrs. Cartner to Sibley Hospital, where she has been receiving care since that date. See Petition at 1. Neal was subsequently appointed by Superior Court Judge John Campbell of the Probate Division as Mrs. Cartner's "guardian and conservator." Reply in No. 13-1016, Exh. 1 (June 26, 2013, Order in No. 2011-INT-313) at 2-3.

The action was then transferred to Superior Court Judge Gerald Fisher in 2013. In a June 26, 2013, Order, Judge Fisher found that Mrs. Cartner was an 86-year-old woman suffering from "non-reversible dementia and depression" and blindness, who was living with Mr. Cartner "in deplorable and unsafe conditions" in the apartment they shared, and that Mr. Cartner "was not capable" of caring for his wife. See id. He held that it was in Mrs. Cartner's best interests that Neal remain as guardian. See id. at 4. Plaintiff subsequently filed an action in federal court against Judge Fisher, complaining, among other things, that Neal had committed perjury in the Superior Court proceedings. See Cartner I at *1. This Court dismissed the case on the ground of judicial immunity. See id. Cartner now requests habeas corpus relief on behalf of his wife,

alleging that she is "incarcerated" at Sibley Hospital/Grand Oaks Assisted Living, where Mr. Cartner allegedly cannot visit or contact her. See Petition at 3.

## II. Legal Standard

It is common practice to respond to a habeas petition with a motion to dismiss. See, e.g., Hamidullah v. Obama, 899 F. Supp. 2d 3, 6 (D.D.C. 2012) (citation omitted). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor. Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993). Although the notice-pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

**III. Analysis**

    A. <u>Judgment of State Court and Exhaustion</u>

Title 28 U.S.C. § 2254 provides a right of action to persons seeking a writ of habeas corpus, but only for those in custody "pursuant to the judgment of a state court" and after "it appears that the applicant has exhausted the remedies available to the courts of the State." In this case neither condition is met.

First, Mrs. Cartner's commitment to Sibley is not based on any state-court decision. Instead, her residence there is the result of the direction of Neal, her appointed guardian. The only ruling that the Superior Court has made pertains to Neal's appointment, but that is not enough to claim that her presence at Sibley is <u>pursuant</u> to a state court judgment. As Defendant correctly points out, "There is simply no allegation that Elsa [*sic*] resides at Sibley/Grand Oaks due to any civil or criminal judgment or determination." Mot. at 5.

Second, Mr. Cartner has not exhausted the available state court remedies here. The Supreme Court has explained, "Because 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity," which provides that "one court should defer action . . . until the courts of another sovereignty with concurrent powers . . . have had an opportunity to pass upon the matter." <u>Rhines v. Weber</u>, 544 U.S. 269, 274 (2005) (internal quotation and citation omitted); <u>see also</u> <u>Thomas v. Saint Elizabeth's Hosp.</u>, 720 F. Supp. 14, 15 (D.D.C. 1989) (dismissing habeas petition where petitioner committed to maximum-security hospital after pleading guilty by reason of insanity had not first exhausted remedies available in D.C. Superior Court); <u>Woodard v. John Howard Pavilion</u>, No. 05-0448, 2006 WL 1147791, at *1 (D.D.C. April 28, 2006) (dismissing habeas

petition because "[p]etitioner does not dispute that he did not appeal the Superior Court's decision to the Court of Appeals for the District of Columbia. He therefore has not demonstrated his exhaustion of the local remedy.").

Federal courts are exempt from this provision only where "there is either an absence of available State corrective process" or there are "circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b)(1). This is not the case here. On the contrary, Plaintiff is simply unhappy with the Superior Court's guardianship decision and has improperly come here next. Without first allowing the state courts a chance to hear the petition and either to "correct a constitutional violation" or to "pass upon the matter," this Court may not hear the claim. Rhines, 544 U.S. at 274.

    B. "Next Friend"

Even if Mrs. Cartner were the subject of a state custody order and Plaintiff had exhausted all state remedies, the case would still be dismissed because Mr. Cartner has no authority to sue. As stated in 28 U.S.C. § 2242, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended <u>or by someone acting in his behalf</u>." (emphasis added). This person acting on a petitioner's behalf can be a legal guardian or a "next friend." A "next friend" has been defined by the Supreme Court as one who (1) "must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action"; (2) "must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate"; and (3) must have "some significant relationship" with the party for whom the writ is sought. Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). The "next friend" bears the burden of establishing these prerequisites and does not himself become a party to the action, but

5

rather "simply pursues the cause on behalf of the detained person, who remains the real party in interest." Id. at 163. A close relative, "such as a parent, spouse, or sibling, who maintain[s] a close personal relationship with the aggrieved" could qualify as a next friend. Davis v. Austin, 492 F. Supp. 273, 275 (N.D. Ga. 1980) (emphasis added).

The Court need not decide whether Mr. Cartner satisfies this three-pronged test because Mrs. Cartner already has a guardian, thus obviating any need for a "next friend." The Sixth Circuit in such an instance deferred to "state expertise in the field of domestic relations" in refusing to accept jurisdiction over a habeas claim of a biological father filing as a next friend for a minor who had been appointed a guardian *ad litem* and next friend upon removal to foster care. See Castorr v. Brundage, 674 F.2d 531, 536 (6th Cir. 1982); see also Sam M. v. Carcieri, 608 F.3d 77, 85 (1st Cir. 2010) ("[W]here a minor or incompetent is represented by a general guardian or a duly appointed representative, a Next Friend need not be appointed.").

Nor should this Court second guess the necessity of appointing Mrs. Cartner a guardian. Federal courts have shown particular deference towards state courts on issues found to be within the purview of the states, including the determination of whether a person is mentally ill. See, e.g., Eggleston v. Snow, 219 F. Supp. 417, 418 (S.D.N.Y. 1963). In this case, Mrs. Cartner was appointed a guardian by the Superior Court upon a finding that she has "non-reversible dementia and depression." June 26, 2013, Order at 2. This Court will defer to that court's determination that Mrs. Cartner is mentally ill and that a guardian should make her medical decisions.

It is inappropriate, furthermore, for this Court to review a state court's ruling regarding who is Mrs. Cartner's legal guardian. While not involving a petition for habeas corpus, a court in the Western District of New York dismissed a case concerning a woman who had been deemed unfit to act as a guardian for her husband (who was in a vegetative state). See Harvey v.

6

Chemung County, No. 11-6563, 2012 WL 729714, at *1 (W.D.N.Y. March 6, 2012). The woman complained of not being allowed to see him and of being removed as guardian, which echoes Mr. Cartner's complaints regarding his inability to visit his wife. Id. The court in Harvey held that it could not overturn the finding of a lower state court regarding the appointment of the social services agency as the proper guardian and thus could not grant the woman's requests. Id. at *6. Likewise, this Court cannot alter the Superior Court's decision that Neal is the proper guardian for Mrs. Cartner.

Even if Mr. Cartner were Mrs. Cartner's "next friend," he may not bring this case because he is not a lawyer. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."); see also M.F. ex rel. Branson v. Malott, No. 11-807, 2012 WL 1950274, at *3 (S.D. Ohio May 30, 2012) (noting that as plaintiff was not a lawyer and was proceeding *pro se*, she could not represent her mother as a next friend).

Nor may Plaintiff pursue his claim via Rule 17(c) of the Federal Rules of Civil Procedure. Under Rule 17(c), a federal court may authorize someone other than a lawful representative to sue on behalf of an incompetent person "where that representative is unable, unwilling or refuses to act or has interests which conflict with those of the infant or incompetent." Carcieri, 608 F.3d at 85. In this case there is no indication that Mrs. Cartner's guardian is refusing to act, nor that he has interests that conflict with Mrs. Cartner's. On the contrary, Neal has acted by keeping Mrs. Cartner under the care of Sibley Hospital. While Plaintiff has previously made accusations about Neal's use of Mrs. Cartner's funds and about

Mr. Neal's perjuring himself, there has been no finding that any of this is remotely true. See Cartner I; Compl. at 2-3.

Mr. Cartner's situation aligns with the facts of Branson, 2012 WL 1950274. There, a district court in the Southern District of Ohio denied a woman's daughter the ability to bring a suit on behalf of her mother, where a duly appointed representative had already been chosen by the state courts, because "the provision permitting a next friend to sue under Rule 17(c)(2) applies only where an incompetent person 'does not have a duly appointed representative.'" Id. at *4. For that same reason, the rule affords Plaintiff no aid here.

## IV. Conclusion

For the foregoing reasons, the Court will dismiss Plaintiff's suit. A contemporaneous Order so holding will issue this day.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  November 5, 2013